**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Fernando RAMOS–CRUZ, Defendant—**
**Appellant.**

**No. 09–50670.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 9, 2010.

Filed Dec. 16, 2010.

Stephen Frederick Miller, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Candis Mitchell, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: TROTT, WARDLAW, and IKUTA, Circuit Judges.

## MEMORANDUM *

■ The IJ's classification of Ramos–Cruz's felony DUI conviction under California Vehicle Code § 23152(b) as an aggravated felony was an error. *See Leocal v. Ashcroft,* 543 U.S. 1, 11, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004); *Montiel–Barraza v. INS,* 275 F.3d 1178, 1180 (9th Cir.2002). That this error became apparent only in light of later-decided authority does not alter our analysis. *Compare United States v. Pallares–Galan,* 359 F.3d 1088, 1103–04 (9th Cir.2004), *with Avila–Sanchez v. Mukasey,* 509 F.3d 1037, 1040–41 (9th Cir.2007), *and Alvarenga–Villalobos v. Ashcroft,* 271 F.3d 1169, 1172–73 (9th Cir.2001). Therefore, the IJ's failure to inform Ramos–Cruz of his eligibility for relief from removal violated Ramos–Cruz's due process rights, and his waiver of appeal from the removal order cannot bar him from collaterally attacking that order. *See* 8 U.S.C. § 1326(d)(1)–(2); *United States v. Muro–Inclan,* 249 F.3d 1180, 1183 (9th Cir.2001) ("The exhaustion requirement of 8 U.S.C. § 1326(d) cannot bar collateral review of a deportation proceeding when the waiver of right to an administrative appeal did not comport with due process.").

■ Ramos–Cruz has also demonstrated that he was prejudiced by the IJ's error, *see* 8 U.S.C. § 1326(d)(3), because

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the sole basis for his removal was that he had committed an aggravated felony, namely, his felony DUI. *See United States v. Camacho–Lopez,* 450 F.3d 928, 930 (9th Cir.2006). The 2004 and 2008 reinstatement orders are irrelevant to the question of prejudice, because a reinstatement of an invalid removal order is itself invalid. *United States v. Arias–Ordonez,* 597 F.3d 972, 978 (9th Cir.2010).

Accordingly, we reverse Ramos–Cruz's conviction and remand to the district court with instructions to vacate the underlying indictment. Because we reverse Ramos–Cruz's conviction, we need not reach his arguments regarding his sentence.

**REVERSED AND REMANDED.**